IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID SHURLEY, Individually and for Others Similarly Situated,

      Plaintiff,

v.

COASTAL MARINE SERVICES, INC., a California for-profit corporation,

      Defendant.

Case No. _____

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

Jury Trial Demanded

FLSA Collective Action
Rule 23 Class Action

## ORIGINAL CLASS & COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.    David Shurley (Shurley) brings this class and collective action to recover unpaid wages and other damages from Coastal Marine Services, Inc. (Coastal Marine).

2.    Coastal Marine employed Shurley as one of its Hourly Employees (defined below).

3.    Coastal Marine pays Shurley and the other Hourly Employees on an hourly basis.

4.    Shurley and the other Hourly Employees regularly work more than 40 hours a workweek.

5.    But Coastal Marine does not pay them for all their hours worked.

ORIGINAL COMPLAINT - 1

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

6.      Instead, prior to their shifts, Coastal Marine requires Shurley and the other Hourly Employees to put on their safety equipment, gather necessary tools and equipment, and attend safety and operations meetings "off the clock" and without compensation.

7.      Likewise, following their shifts, Coastal Marine requires Shurley and the other Hourly Employees to remove their safety gear and store their tools and equipment "off the clock" and without compensation (Coastal Marine's pre/post shift "off the clock policy").

8.      And Coastal Marine deducts 30 minutes a day to record Shurley and the other Hourly Employees took a "meal period," regardless of whether they actually received a *bona fide*, uninterrupted meal period (Coastal Marine's "meal deduction policy").

9.      Coastal Marine does not pay the Hourly Employees for this time.

10.     But Shurley and the other Hourly Employees do not actually receive *bona fide* meal periods.

11.     They likewise do not receive *bona fide* rest periods.

12.     Instead, Coastal Marine requires Shurley and the other Hourly Employees to remain on duty and perform their regular job duties throughout their shifts and/or subjects them to interruptions during attempted "meal periods" and "rest periods."

13.     Coastal Marine's failure to provide Shurley and the other Hourly Employees with *bona fide* meal and rest periods violates the Washington Industrial Welfare Act ("WIWA") and related Washington Dept. of Labor & Industries ("DOLI") regulations.

14.     And Coastal Marine's pre/post shift off the clock policy and meal deduction policy violates the Fair Labor Standards Act ("FLSA") and the Washington Minimum Wage Act ("WMWA") by depriving Shurley and the other Hourly Employees of overtime wages for all overtime hours worked.

15.     Likewise, as a result of its pre/post shift off the clock policy and meal deduction policy, Coastal Marine willfully withholds earned wages from Shurley and the other Hourly Employees for their on duty "meal periods" in violation of the Washington Wage Rebate Act ("WWRA").

ORIGINAL COMPLAINT - 2

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

JURISDICTION & VENUE

16.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA, 29 U.S.C. § 216(b).

17.     This Court also has supplemental jurisdiction of the state-law subclass claims because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

18.     This Court has personal jurisdiction over Coastal Marine based on Coastal Marine's substantial contacts with, and conduct directed toward, Washington, including employing Hourly Employees, such as Shurley, in Washington.

19.     Venue is proper because a substantial portion of the events or omissions giving rise to this action occurred in this District and Division. 28 U.S.C. § 1391(b)(2).

20.     Specifically, Shurley worked for Coastal Marine in and around Everett and Seattle, Washington, which are in this District and Division.

PARTIES

21.     Coastal Marine employed Shurley as a ship insulator.

22.     Throughout his employment, Coastal Marine classified Shurley as non-exempt and paid him on an hourly basis.

23.     And Coastal Marine subjected Shurley to its pre/post shift off the clock policy, requiring him to work "off the clock" without compensation.

24.     Coastal Marine additionally subjected Shurley to its meal deduction policy, regardless of whether he actually received a *bona fide* meal period.

25.     But Shurley did not actually receive *bona fide* meal periods.

26.     Nor did he receive *bona fide* rest periods.

27.     Shurley's written consent is attached as Exhibit 1.

28.     Shurley brings this class and collective action on behalf of himself and other similarly situated hourly Coastal Marine employees.

29.     Coastal Marine likewise subjects these employees to its pre/post shift off the clock policy, meal deduction policy, and does not provide or make available compliant rest breaks.

ORIGINAL COMPLAINT - 3

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

30.    But these employees do not actually receive *bona fide* meal periods or rest periods.

31.    Coastal Marine thus requires, suffers, or permits these employees to work "off the clock" without compensation and fails to provide these employees with *bona fide* meal and rest periods in violation of the WIWA and related Washington DOLI regulations.

32.    And Coastal Marine deprives these employees of overtime wages at rates not less than 1.5 times their regular rates of pay for hours worked after 40 in a workweek in violation of the FLSA and WMWA.

33.    Likewise, Coastal Marine willfully withholds these earned wages from these employees in violation of the WWRA.

34.    The FLSA Collective of similarly situated employees is defined as:

> All hourly Coastal Marine insulators and similar job titles who
> worked for Coastal Marine at any time during the past 3 years
> (the "FLSA Collective Members").

35.    Shurley also seeks to represent such a class under Washington law pursuant to FED. R. CIV. P. 23.

36.    The Washington Class of similarly situated employees is defined as:

> All hourly Coastal Marine insulators and similar job titles who
> worked for Coastal Marine in Washington at any time in the past
> 3 years (the "Washington Class Members").

37.    The FLSA Collective Members and the Washington Class Members are collectively referred to as the "Hourly Employees."

38.    Coastal Marine is a California corporation headquartered in San Diego, California.

39.    Coastal Marine may be served through its registered agent: Howard I. Gordon, 2255 National Ave., San Diego, California 92113 or wherever he may be found.

## FLSA COVERAGE

40.    At all relevant times, Coastal Marine was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

ORIGINAL COMPLAINT - 4

41.    At all relevant times, Coastal Marine was an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

42.    At all relevant times, Coastal Marine was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as cell phones, computers, tools, and personal protective equipment—that have been moved in or produced for commerce.

43.    At all relevant times, Coastal Marine has had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

44.    At all relevant times, Shurley and the other Hourly Employees were Coastal Marine's "employees" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

45.    At all relevant times, the Hourly Employees were engaged in commerce or in the production of goods for commerce.

46.    Coastal Marine required the Hourly Employees to put on and take off their safety gear, gather and prepare their tools and equipment, and attend safety and operations meetings under it pre/post shift off the clock policy.

47.    And Coastal Marine recorded that its Hourly Employees received a meal period each workday, regardless of whether they actually received a *bona fide* uninterrupted meal period.

48.    As a result, Coastal Marine failed to pay Shurley and the other Hourly Employees wages (including overtime wages) for compensable work they performed.

49.    Coastal Marine's pre/post shift off the clock policy and meal deduction policy therefore violate the FLSA. 29 U.S.C. § 207(a) & (e).

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

FACTS

50.     Coastal Marine provides "excellent workmanship and customer service . . . to insulate equipment, systems, processes, structures, as well as numerous other specially contracted projects" onboard ships.[1]

51.     To meet its business objectives, Coastal Marine hires workers, like Shurley and the other Hourly Employees.

52.     Coastal Marine uniformly classifies Shurley and the other Hourly Employees as non-exempt and pays them on by the hour.

53.     While exact job titles, precise job duties, and location may differ somewhat, Shurley and the other Hourly Employees are all subject to Coastal Marine's same or similar policies – its pre/post shift off the clock policy, meal deduction policy, and missed rest periods – for similar work.

54.     For example, Coastal Marine employed Shurley as an insulator in and around Everett and Seattle, Washington from approximately August 2020 until January 2023.

55.     As an insulator, Shurley's primary responsibilities included fitting and installing insulation on Coastal Marine's clients' ships' wiring, pipes, etc.

56.     Specifically, Coastal Marine agreed to pay Shurley approximately $30 an hour for his first 40 "on the clock" hours worked in a week plus "time and a half" overtime for his hours worked after 40 in a workweek.

57.     And each pay period, Coastal Marine pays Shurley and the other Hourly Employees based on common systems and methods Coastal Marine selects and controls.

58.     Shurley reported his "on the clock" hours to Coastal Marine through its uniform timeclock system.

59.     Coastal Marine's records reflect the hours Shurley worked each week "on the clock."

60.     Throughout his employment, Shurley typically worked 8 to 12 hours a day for 5 to 6 days a week (40 to 72 hours a workweek) "on the clock."

---

[1] https://www.coastalmarineservices.com/insul.html (last visited August 13, 2024).

ORIGINAL COMPLAINT - 6

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

61.     Likewise, the other Hourly Employees typically work 8 to 12 hours a day for 5 to 6 days a week (40 to 72 hours a workweek) "on the clock."

62.     Coastal Marine requires Shurley and its other Hourly Employees to abide by common work, time, pay, meal period, rest period, and overtime policies and procedures.

63.     But Coastal Marine does not pay Shurley and the other Hourly Employees for all their hours worked.

64.     Instead, Coastal Marine imposes its pre/post shift off the clock policy on Shurley and the other Hourly Employees.

65.     Specifically, Coastal Marine requires these employees to arrive at Coastal Marine's shop, put on their safety equipment (including safety glasses, gloves, respirator, Tyvek suit), gather necessary tools and equipment (including the insulation material to be installed, rubber, glue, tape, tape measure, paint, paint brushes and rollers, scissors, knives), attend safety and operations meetings, and then walk to the ship they will be installing insulation on "off the clock" and without compensation.

66.     This work takes Shurley and the other Hourly Employees approximately 20 to 30 minutes each workday.

67.     Shurley and the other Hourly Employees could not perform their job duties installing insulation in accordance with Coastal Marines (and its clients') policies, procedures, and expectations without putting on this safety gear, gathering the tools and equipment, and attending safety and operations meetings.

68.     Suiting out in this safety gear, gathering tools and equipment, and attending safety and operations meetings are therefore integral and indispensable work duties for Shurley and the other Hourly Employees.

69.     Likewise, Coastal Marine requires Shurley and the other Hourly Employees to walk to the shop, remove their safety gear, and store their tools and equipment each day after their scheduled shift, all "off the clock" and without compensation.

ORIGINAL COMPLAINT - 7

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

70.    This takes Shurley and the other Hourly Employees approximately 15 to 30 minutes each workday.

71.    Shurley and the other Hourly Employees could not perform their job duties as insulators on Coastal Marine's clients' ships in accordance with Coastal Marine's (and its client's) policies, procedures, and expectations without removing their safety gear and storing their tools and equipment each workday.

72.    The removal of their safety gear and storing their tools and equipment each workday are therefore integral and indispensable work duties for Shurley and the other Hourly Employees.

73.    But under its pre/post shift off the clock policy, Coastal Marine did not compensate Shurley and the other Hourly Employees for the same.

74.    And Coastal Marine subjects Shurley and the other Hourly Employees to its meal deduction policy, requiring them to work "off the clock" during so called "meal periods."

75.    Specifically, Coastal Marine requires Shurley and the other Hourly Employees to "clock out" for 30 minutes a day to record they took a "meal period."

76.    Coastal Marine requires Shurley and the other Hourly Employees to record they took a "meal period" regardless of whether they actually receive a *bona fide* meal period.

77.    If Shurley and the other Hourly Employees do not "clock out" and record they took a "meal period," Coastal Marine disciplines them, threatens to discipline them, and/or manually deducts 30 minutes from their recorded work time.

78.    Coastal Marine simply assumes Shurley and the other Hourly Employees receive *bona fide* meal periods each shift they work.

79.    But Shurley and the other Hourly Employees do not actually receive *bona fide* uninterrupted meal periods or rest periods.

80.    Instead, Coastal Marine requires Shurley and the other Hourly Employees to remain on duty throughout their shifts, including during their unpaid "meal periods" and "rest periods."

81.    And Coastal Marine subjects Shurley and the other Hourly Employees to work interruptions during their unpaid "meal periods" and "rest periods."

ORIGINAL COMPLAINT - 8

82.     Because of these work interruptions, Shurley and the other Hourly Employees are not free to engage in personal activities during their unpaid "meal periods" and "rest periods."

83.     In other words, Shurley and the other Hourly Employees are not relieved of all their duties during their unpaid "meal periods" and "rest periods."

84.     Rather, during their unpaid "meal periods" Shurley and the other Hourly Employees are forced to remain on duty and perform their regular job duties and responsibilities "off the clock."

85.     Shurley and the other Hourly Employees are likewise forced to remain on duty and their regular job duties and responsibilities during their "rest periods."

86.     Thus, Shurley and the other Hourly Employees routinely spend their unpaid "meal periods" performing work "off the clock" for Coastal Marine's—not their own—predominant benefit.

87.     This unpaid "off the clock" work time is compensable under the FLSA and Washington law because Coastal Marine knew, or should have known: (1) Shurley and the other Hourly Employees were performing unpaid work during their "meal periods"; (2) they were interrupted or subject to interruptions with work duties during any attempted "meal period"; (3) they were not completely relieved of all duties during their unpaid "meal periods"; (4) they entirely skipped their "meal periods" due to work demands; (5) their unpaid "meal periods" were less than 30 consecutive minutes; (6) they were not free to engage in personal activities during their unpaid "meal periods" because of constant work interruptions; (7) they remained on Coastal Marine's premises and/or under Coastal Marine's supervision during their unpaid "meal periods"; and/or (8) they spent their unpaid "meal periods" performing their regular job duties for Coastal Marine's predominant benefit.

88.     Coastal Marine fails to exercise its duty to ensure its Hourly Employees are not performing work "off the clock."

89.     And Coastal Marine knows, should know, or recklessly disregards whether its Hourly Employees routinely perform work "off the clock."

ORIGINAL COMPLAINT - 9

90.    Indeed, Shurley and other Hourly Employees complained to their supervisors, HR, and/or Coastal Marine's management about being forced to work "off the clock" during their unpaid "meal periods" and before and after their shifts.

91.    Thus, Coastal Marine requested, suffered, permitted, or allowed Shurley and the other Hourly Employees to work "off the clock" during their unpaid "meal periods."

92.    Coastal Marine's failure to provide Shurley and the other Hourly Employees with *bona fide*, duty-free meal and rest periods violates the WIWA and related Washington DOLI regulations.

93.    Despite accepting the benefits, Coastal Marine does not pay Shurley and the other Hourly Employees for the compensable work they perform "off the clock."

94.    Thus, under its pre/post shift off the clock policy and meal deduction policy, Coastal Marine fails to pay Shurley and its other Hourly Employees overtime for all hours worked over 40 in a workweek (including those worked "off the clock"), in willful violation of the FLSA and WMWA.

95.    Likewise, under its pre/post shift off the clock policy and meal deduction policy, Coastal Marine willfully withheld earned wages from Shurley and its other Hourly Employees for work they performed "off the clock," in violation of the WWRA.

CLASS & COLLECTIVE ACTION ALLEGATIONS

96.    Like Shurley, the other Hourly Employees are victimized by Coastal Marine's pre/post shift off the clock policy, meal deduction policy, and denied rest periods.

97.    Other Hourly Employees worked with Shurley and indicated they were paid in the same manner, performed similar work, and were subject to Coastal Marine's pre/post shift off the clock policy, meal deduction policy, and denied rest periods.

98.    Based on his experience, Shurley is aware Coastal Marine's pre/post shift off the clock policy, meal deduction policy, and denied rest periods were imposed on the other Hourly Employees.

99.    The putative class of Hourly Employees includes more than 40 members.

ORIGINAL COMPLAINT - 10

100.    Thus, the putative class of Hourly Employees is so numerous that the joining of all class members in one lawsuit is not practicable.

101.    The Hourly Employees are similarly situated in the most relevant respects.

102.    Even if their precise job duties and locations might vary, these differences do not matter for the purposes of determining their entitlement to earned wages, overtime wages, and *bona fide* meal and rest periods.

103.    The only relevant inquiry is whether the Hourly Employees were subject to Coastal Marine's pre/post shift off the clock policy, meal deduction policy, and denial of rest periods (which they were).

104.    Therefore, the specific job titles or precise job locations of the various Hourly Employees do not prevent class or collective treatment.

105.    Rather, Coastal Marine's pre/post shift off the clock policy, meal deduction policy, and denial of rest periods render Shurley and the other Hourly Employees similarly situated for the purpose of determining their right to earned wages, overtime wages, and *bona fide* meal and rest periods.

106.    Coastal Marine's records reflect the number of hours the Hourly Employees worked each week "on the clock."

107.    Coastal Marine's records further reflect it required the Hourly Employees to record "clocking out" for 30 minutes a day for so-called "meal periods."

108.    The back wages owed to Shurley and the other Hourly Employees can therefore be calculated using the same formula applied to the same records.

109.    Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Coastal Marine's records, and there is no detraction from the common nucleus of liability facts.

110.    Therefore, the issue of damages does not preclude class or collective treatment.

111.    Shurley's experiences are therefore typical of the experiences of the other Hourly Employees.

ORIGINAL COMPLAINT - 11

112.    Shurley has no interest contrary to, or in conflict with, the other Hourly Employees that would prevent class or collective treatment.

113.    Like each Hourly Employee, Shurley has an interest in obtaining the unpaid wages owed under federal and Washington law.

114.    Shurley and his counsel will fairly and adequately protect the interests of the other Hourly Employees.

115.    Shurley retained counsel with significant experience in litigating complex class and collective actions.

116.    A class and collective action is superior to other available means for the fair and efficient adjudication of this lawsuit.

117.    Absent this class and collective action, many Hourly Employees will not obtain redress for their injuries, and Coastal Marine will reap the unjust benefits of violating the FLSA and Washington law.

118.    Further, even if some of the Hourly Employees could afford individual litigation, it would be unduly burdensome to the judicial system.

119.    Indeed, the multiplicity of actions would create a hardship to the Hourly Employees, the Court, and Coastal Marine.

120.    Conversely, concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Hourly Employees' claims.

121.    The questions of law and fact that are common to each Hourly Employee predominate over any questions affecting solely the individual members.

122.    Among the common questions of law and fact are:

> (a)    Whether Coastal Marine engaged in a policy and practice of requiring its Hourly Employees to put on and remove safety gear, gather and store tools and equipment, and attend safety and operations meetings before and after their shifts "off the clock" and without compensation;

ORIGINAL COMPLAINT - 12

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

(b)     Whether Coastal Marine engaged in a policy and practice of requiring its Hourly Employees to records "clocking out" for 30 minutes a day to for a "meal period," regardless of whether they received a *bona fide* meal period;

(c)     Whether Coastal Marine knew, or had reason to know, it requested, suffered, permitted, or allowed its Hourly Employees to work "off the clock";

(d)     Whether Coastal Marine failed to provide its Hourly Employees with *bona fide* meal and rest periods in violation of the WIWA and related Washington DOLI regulations;

(e)     Whether Coastal Marine failed to pay its Hourly Employees overtime at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a week in violation of the FLSA and WMWA;

(f)     Whether Coastal Marine willfully withheld earned wages from its Hourly Employees in violation of the WWRA;

(g)     Whether Coastal Marine's decision not to pay its Hourly Employees overtime wages for all overtime hours worked was made in good faith;

(h)     Whether Coastal Marine's decision to withhold earned wages from its Hourly Employees was made in good faith; and

(i)     Whether Coastal Marine's violations were willful.

123.    Shurley knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

124.    Coastal Marine's pre/post shift off the clock policy, meal deduction policy, and missed rest periods deprived Shurley and the other Hourly Employees of earned wages for all hours worked and overtime wages at the proper premium rate for all hours worked after 40 in a workweek, which they are owed under federal and Washington law.

ORIGINAL COMPLAINT - 13

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

125.     There are many similarly situated Hourly Employees who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

126.     The similarly situated Hourly Employees are known to Coastal Marine, are readily identifiable, and can be located through Coastal Marine's business and personnel records.

COASTAL MARINE'S VIOLATIONS WERE WILLFUL AND/OR DONE
IN RECKLESS DISREGARD OF FEDERAL & WASHINGTON LAW

127.     Coastal Marine knew it was subject to the FLSA's and WMWA's overtime provisions.

128.     Coastal Marine knew the FLSA and WMWA required it to pay non-exempt employees, including the Hourly Employees, overtime at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek.

129.     Coastal Marine knew it was subject to the WWRA.

130.     Coastal Marine knew the WWRA prohibited it from willfully withholding earned wages from employees, including the Hourly Employees.

131.     Coastal Marine knew each Hourly Employee worked more than 40 hours in at least one workweek during relevant period(s).

132.     Coastal Marine knew its Hourly Employees were non-exempt employees entitled to overtime.

133.     Coastal Marine knew it paid its Hourly Employees on an hourly basis.

134.     Coastal Marine knew it did not pay its Hourly Employees for all compensable hours worked, including overtime hours, under its pre/post shift of the clock policy.

135.     Thus, Coastal Marine knew it requested, suffered, permitted, or allowed its Hourly Employees to work "off the clock" before and after their shifts.

136.     Coastal Marine knew it was subject to the WIWA and the Washington DOLI regulations.

ORIGINAL COMPLAINT - 14

137.    Coastal Marine knew the WIWA and the Washington DOLI regulations required it to provide employees, including the Hourly Employees, a *bona fide*, duty-free 10-minute rest period for every 4 hours worked.

138.    Coastal Marine knew the WIWA and the Washington DOLI regulations required it to provide employees, including the Hourly Employees, a *bona fide*, duty-free, and uninterrupted 30-minute meal period for every 5 hours worked.

139.    Coastal Marine knew its Hourly Employees did not waive their meal periods.

140.    Nonetheless, Coastal Marine failed to provide its Hourly Employees with *bona fide*, duty-free meal and rest periods.

141.    Coastal Marine knew the FLSA and Washington law required it to pay its employees, including the Hourly Employees, for all hours they performed compensable work.

142.    Coastal Marine knew it had a duty to ensure its Hourly Employees were not performing work "off the clock" without compensation.

143.    Coastal Marine knew its Hourly Employees did not actually receive *bona fide* meal periods.

144.    Coastal Marine knew its Hourly Employees regularly worked "off the clock" during their unpaid "meal periods."

145.    Coastal Marine knew its Hourly Employees regularly spent their unpaid "meal periods" performing their regular job duties "off the clock" for Coastal Marine's predominant benefit.

146.    Thus, Coastal Marine knew it requested, suffered, permitted, or allowed its Hourly Employees to work "off the clock" during their so-called "meal periods."

147.    In other words, Coastal Marine knew, should have known, or recklessly disregarded whether its Hourly Employees performed compensable work "off the clock."

148.    Nonetheless, Coastal Marine did not pay its Hourly Employees for the compensable work they performed "off the clock" during their "meal periods" and before and after their shifts.

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

149.    Coastal Marine knew, should have known, or recklessly disregarded whether its conduct described in this Complaint violated the FLSA and Washington law.

150.    Indeed, Shurley and the Hourly Employees complained about being forced to work "off the clock" and missed meal and rest periods to Coastal Marine supervisors, management and/or HR.

151.    And, Coastal Marine has been sued previously by employees for failing to pay earned wages and overtime in violation of state wage and hour laws. *See, e.g., Azhocar, et al. v. Coastal Marine Services, Inc.*, No. 37-2012-00084168-CU-OE-CTL (Cal. Super. Ct., San Diego County).

152.    Coastal Marine knowingly, willfully, and/or in reckless disregard of applicable federal and Washington law carried out its employment policies that systematically deprived its Hourly Employees of *bona fide* meal and rest periods, earned wages, and premium overtime pay.

## COUNT I
### FAILURE TO PAY OVERTIME UNDER THE FLSA
#### (FLSA COLLECTIVE)

153.    Shurley brings his FLSA claim as a collective action on behalf of himself and the other FLSA Collective Members pursuant to 29 U.S.C. § 216(b).

154.    Coastal Marine violated, and is violating, the FLSA by employing non-exempt employees (Shurley and the other FLSA Collective Members) in a covered enterprise for workweeks longer than 40 hours without paying such employees overtime wages at rates not less than 1.5 times their regular rates of pay for all their hours worked after 40 in a workweek, including those worked "off the clock."

155.    Coastal Marine's unlawful conduct harmed Shurley and the other FLSA Collective Members by depriving them of the overtime wages they are owed.

156.    Accordingly, Coastal Marine owes Shurley and the other FLSA Collective Members the difference between the wages actually paid and the proper overtime wages earned.

157.    Because Coastal Marine knew, or showed reckless disregard for whether, its pre/post shift off the clock policy and meal deduction policy violated the FLSA, Coastal Marine owes these wages for at least the past 3 years.

ORIGINAL COMPLAINT - 16

158.    Coastal Marine is also liable to Shurley and the other FLSA Collective Members for an additional amount equal to all their unpaid wages as liquidated damages.

159.    Finally, Shurley and the other FLSA Collective Members are entitled to recover all reasonable attorney's fees and costs incurred in this action.

COUNT II
FAILURE TO PAY OVERTIME UNDER THE WMWA
(WASHINGTON CLASS)

160.    Shurley brings his WMWA claim as a class action on behalf of himself and the other Washington Class Members pursuant to FED. R. CIV. P. 23.

161.    Coastal Marine conduct violates the WMWA (RCW 49.46, *et seq.*).

162.    At all relevant times, Coastal Marine was subject to the WMWA because Coastal Marine was (and is) an "employer" within the meaning of the WMWA. *See* RCW 49.46.010(4); *see also* RCW 49.48.082(6).

163.    At all relevant times, Coastal Marine employed Shurley and the other Washington Class Members as its covered "employees" within the meaning of the WMWA. *See* RCW 49.46.010(3); *see also* RCW 49.48.082(5)(a).

164.    The WMWA requires employers, like Coastal Marine, to pay non-exempt employees, including Shurley and the other Washington Class Members, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek. RCW 49.46.130.

165.    Shurley and the other Washington Class Members are entitled to overtime pay under the WMWA.

166.    Coastal Marine violated, and is violating, the WMWA by failing to pay non-exempt employees (Shurley and the other Washington Class Members) overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek, including those worked "off the clock." *See* RCW 49.46.130.

167.    Coastal Marine's unlawful conduct harmed Shurley and the other Washington Class Members by depriving them of the overtime wages they are owed under Washington law.

ORIGINAL COMPLAINT - 17

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

168.     Accordingly, Coastal Marine owes Shurley and the other Washington Class Members the difference between the wages paid and the proper overtime wages earned (RCW 49.46.090) plus pre-judgment interest at a rate of 12% per annum (RCW 19.52.020).

169.     Finally, Shurley and the other Washington Class Members are also entitled to recover their reasonable attorney's fees and costs incurred in this action. *See* RCW 49.46.30.

COUNT III
WILLFULLY WITHHOLDING EARNED WAGES UNDER THE WWRA
(WASHINGTON CLASS)

170.     Shurley brings his WWRA claim as a class action on behalf of himself and the other Washington Class Members pursuant to FED. R. CIV. P. 23.

171.     Coastal Marine conduct violates the WWRA (RCW 49.52, *et seq.*).

172.     At all relevant times, Coastal Marine was subject to the WWRA because Coastal Marine was (and is) an "employer" within the meaning of the WWRA. *See* RCW 49.46.010(4); *see also* RCW 49.48.082(6).

173.     At all relevant times, Coastal Marine employed Shurley and the other Washington Class Members as covered "employees" within the meaning of the WWRA. *See* RCW 49.12.005(4); *see also* RCW 49.48.082(5)(b).

174.     The WWRA prohibits employers, like Coastal Marine, from depriving employees, including Shurley and the other Washington Class Members, of "any part of his or her wages" and from "pay[ing] any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance or contract." RCW 49.52.050.

175.     Coastal Marine violated, and is violating, the WWRA by willfully withholding earned wages from Shurley and the other Washington Class Members for the hours they worked during their on-duty "meal periods," which Coastal Marine was obligated to pay under Washington law (*e.g.*, the WMWA). *See* RCW 49.52.050.

176.     Coastal Marine also violated, and is violating, the WWRA by willfully withholding earned overtime wages from Shurley and the other Washington Class Members, which federal and

ORIGINAL COMPLAINT - 18

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

Washington law (*e.g.,* the FLSA and the WMWA) obligated Coastal Marine to pay at rates not less than 1.5 times their regular rates of pay. *See* RCW 49.52.050.

177.    Coastal Marine's unlawful conduct harmed Shurley and the other Washington Class Members by willfully withholding earned wages (including earned overtime wages at the proper premium rate) from these employees which they are owed under Washington law.

178.    Accordingly, Coastal Marine owes Shurley and the other Washington Class Members their willfully withheld earned wages plus exemplary damages in an amount equal to 2 times their willfully withheld wages (RCW 49.52.070), as well as pre-judgment interest at a rate of 12% per annum (RCW 19.52.020).

179.    Finally, Shurley and the other Washington Class Members are also entitled to recover their reasonable attorney's fees and costs incurred in this action. *See* RCW 49.52.070.

Count IV
Failure to Provide *Bona Fide* Meal and Rest Periods Under the WIWA
(Washington Class)

180.    Shurley brings his meal and rest period claims under the WIWA and related Washington DOLI regulations as a class action on behalf of himself and the other Washington Class Members pursuant to Fed. R. Civ. P. 23.

181.    Coastal Marine's conduct violates the WIWA's (and the related Washington DOLI regulations') meal and rest period requirements (RW 49.12, *et seq.;* WAC 296-126-092).

182.    At all relevant times, Coastal Marine was subject to the WIWA and related Washington DOLI regulations because Coastal Marine was (and is) an "employer" within the meaning of the WIWA and the Washington DOLI regulations. *See* RCW 49.12.005(3); WAC 296-126-002(1).

183.    At all relevant times, Coastal Marine employed Shurley and the other Washington Class Members as covered "employees" within the meaning of the WIWA and the Washington DOLI regulations. *See* RCW 49.12.005(4); WAC 296-126-002(2).

ORIGINAL COMPLAINT - 19

184.    The WIWA prohibits employers, like Coastal Marine, to employ employees, including Shurley and the other Washington Class Members, under conditions of labor detrimental to their health. RCW 49.12.020.

185.    The Washington DOLI regulations require employers, like Coastal Marine, to provide employees, including Shurley and the other Washington Class Members, meal periods of at least 30 minutes which commence no less than 2 hours nor more than 5 hours from the beginning of the employee's shift. WAC 296-126-092(1).

186.    The Washington DOLI regulations further mandate that meal periods shall be paid when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer. WAC 296-126-092(1).

187.    The Washington DOLI regulations also require employers, like Coastal Marine, to provide employees, including Shurley and the other Washington Class Members, rest periods of at least 10 minutes for every 4 hours of working time. WAC 296-126-092(4).

188.    The Washington DOLI regulations further prohibit employers, like Coastal Marine, from requiring employees, including Shurley and the other Washington Class Members, to work more than 3 hours without a rest period. WAC 296-126-092(4).

189.    Washington law also requires employers, like Coastal Marine, to compensate employees, including Shurley and the other Washington Class Members for missed meal and rest periods. *See, e.g., Chavez v. Our Lady of Lourdes Hosp. at Pasco*, 190 Wn.2d 507, 517-19, 415 P.3d 224 (2018); *Pellino v. Brinks Inc.*, 164 Wn. App. 668, 690-93, 267 P.3d 383 (2011).

190.    Throughout the relevant period, Coastal Marine expected and required Shurley and the other Washington Class Members to remain on duty and perform compensable work throughout their shifts, including during their meal and rest periods.

191.    Shurley and the other Washington Class Members were not relieved of all duties during their attempted meal and rest periods but instead were subject to constant work interruptions.

ORIGINAL COMPLAINT - 20

192.    Thus, Coastal Marine violated, is violating, the WIWA and related Washington DOLI regulations by failing to provide Shurley and the other Washington Class Members *bona fide* meal and rest periods. *See* RCW 49.12.020; WAC 296-126-092.

193.    Coastal Marine's unlawful conduct harmed Shurley and the other Washington Class Members by depriving them of the *bona fide* meal and rest periods they are owed under Washington law.

194.    Accordingly, Shurley and the Washington Class Members are entitled to recover their unpaid wages for their missed meal and rest periods, penalties in an amount not less than $25 nor more than $1,000 per violation (WAC 296-126-226; RCW 49.12.170), and pre-judgment interest at a rate of 12% per annum (RCW 19.52.020).

195.    Finally, Shurley and the other Washington Class Members are also entitled to recover their reasonable attorney's fees and costs incurred in this action. See RCW 49.12.150.

JURY DEMAND

196.    Shurley demands a trial by jury on all Counts.

RELIEF SOUGHT

WHEREFORE, Shurley, individually and on behalf of the other Hourly Employees, seeks the following relief:

(a)    An Order designating this lawsuit as a collective action and authorizing notice to the Hourly Employees allowing them to join this action by filing a written notice of consent;

(b)    An Order certifying this lawsuit as a class action pursuant to FED. R. CIV. P. 23;

(c)    An Order appointing Shurley and his counsel to represent the interests of the Hourly Employees;

(d)    An Order finding Coastal Marine liable to Shurley and the other FLSA Collective Members for all unpaid overtime wages owed under the FLSA, plus liquidated damages in an amount equal to their unpaid wages;

ORIGINAL COMPLAINT - 21

(e)    An Order finding Coastal Marine liable to Shurley and the other Washington Class Members for failing to provide them with *bona fide* meal and rest periods plus all available statutory penalties;

(f)    An Order finding Coastal Marine liable to Shurley and the other Washington Class Members for all unpaid overtime wages owed under the WMWA;

(g)    An Order finding Coastal Marine liable to Shurley and the other Washington Class Members for all willfully withheld wages owed under the WWRA, plus exemplary damages in an amount equal to 2 times their willfully withheld wages;

(h)    An Order awarding attorney's fees, costs, and expenses;

(i)    A Judgment against Coastal Marine awarding Shurley and the other Hourly Employees all their willfully withheld wages, unpaid overtime, liquidated damages, exemplary damages, statutory damages, attorney's fees, costs, expenses, and any other penalties available under the FLSA, WMWA, WWRA, and WIWA;

(j)    An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

(k)    All such other and further relief as may be necessary and appropriate.

ORIGINAL COMPLAINT - 22

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

Date: August 29, 2024

Respectfully submitted,

FRANK FREED SUBIT & THOMAS, LLP

By: /s/ Michael Subit
   Michael C. Subit, WSBA #29189
   msubit@frankfreed.com
   705 Second Ave., Suite 1200
   Seattle, Washington 98104
   Telephone:  206.682.6711

JOSEPHSON DUNLAP, LLP

By: /s/ Michael Josephson
   Michael A. Josephson*
   mjosephson@mybackwages.com
   Andrew W. Dunlap*
   adunlap@mybackwages.com
   11 Greenway Plaza, Suite 3050
   Houston, Texas 77046
   Telephone:  713.352.1100

BRUCKNER BURCH, PLLC

By: /s/ Rex Burch
   Richard J. (Rex) Burch*
   rburch@brucknerburch.com
   11 Greenway Plaza, Suite 3025
   Houston, Texas 77046
   Telephone: 713.877.8788

*Pro Hac Vice Applications Forthcoming

ATTORNEYS FOR SHURLEY
& THE HOURLY EMPLOYEES

ORIGINAL COMPLAINT - 23

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100